IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FRANCISCO AYALA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NANCY A. BERRYHILL, § <br> Acting Commissioner of the Social § <br> Security Administration, § <br> § <br> Defendant. § | <br><br><br><br><br>Civil Action No. 4:17-cv-00783-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Francisco Ayala ("Ayala") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for disability insurance benefits under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Ayala filed an application for disability insurance benefits and supplemental security income on August 1, 2016, alleging a disability onset date of November 14, 2014. Transcript ("Tr.") 18. The Commissioner denied his application initially on October 24, 2016, and on reconsideration on December 12, 2016. *Id*. Ayala requested a hearing, which was held on April 18, 2017, before Administrative Law Judge ("ALJ") Brock Cima. *Id*. Present at the hearing were Ayala, his

attorney, and Todd M. Harden, an impartial vocational expert ("VE"). *Id*. The ALJ issued his decision on May 10, 2017, finding that Ayala was not disabled. Tr. 28.

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Ayala had not engaged in substantial gainful activity since July 12, 2016, the alleged disability onset date. Tr. 21, Finding 3. At step two, the ALJ determined that Walker had the severe impairment of degenerative disc disease of the lumbar spine. *Id.*, Finding 4. At step three, the ALJ found that Ayala did not have an impairment or a combination of impairments that meets or medically equals the severity of one of those listed in 20 C.F.R. Part 404, Subpart P. Tr. 23, Finding 5. In particular, the ALJ concluded that Ayala had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b). Tr. 23, Finding 6. The ALJ found specifically that Ayala could lift and/or carry twenty pounds occasionally and ten pounds frequently, sit for six hours, stand for six hours, walk for six hours, and push and pull as much as he could lift or carry. *Id.* The ALJ further found that Ayala could climb ramps and stairs occasionally but could never climb ladders, ropes, or scaffolds, and that he could coocasionally balance, stoop, kneel, crouch, and crawl. *Id.* At step four, the ALJ found that Ayala was unable to perform any past relevant work. Tr. 26, Finding 7. At step five, the ALJ found that there existed a significant number of jobs in the national economy that Ayala could perform. Tr. 27, Finding 1. In particular, the ALJ noted the jobs of hand packager, mail clerk, and cashier II, based on the testimony of the VE. *Id.* As a result of the five-step analysis, the ALJ found that Ayala had not been under a disability from July 12, 2016, through May 10, 2017. Tr. 23, Finding 10.

The Appeals Council ("AC") denied Ayala's request for review on September 6, 2017. Tr. 1–5. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005)

("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.     FACTUAL BACKGROUND

Ayala was born on December 16, 1973. Tr. 13, 54. He has a high-school education. Tr. 51. Ayala served in the military, including three tours overseas to Iraq and Afghanistan. Tr. 45. At the time of his hearing on April 18, 2017, he had served in the military for nine years and was in the Army Reserve. Tr. 40, 46. Ayala also had previous work as a mail carrier for the United States Postal Service. Tr. 41–42.

## III.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to obtain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three,

disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447. "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully

scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

### IV.　ANALYSIS

Ayala raises two issues on appeal. First, he argues that reversal is required because the AC did not evaluate evidence of surgery submitted to the AC for review. Second, he argues that the ALJ erred in determining that Ayala's post-traumatic stress disorder was not severe.

**I.　The AC applied the incorrect legal standard when denying Ayala's request for review, but remand is not required as Ayala has not shown prejudice from the error.**

A court's review of the Commissioner's denial of Social Security benefits is limited to considering whether the decision is supported by substantial evidence in the record and whether the proper legal standards were applied. *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005). The Commissioner's final decision includes the AC's denial of a request for review. *Id.* at 336. The AC will review a case if, among other reasons, the AC "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). If the claimant submits "additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, . . . the Appeals Council will send [the claimant] a notice that explains why it did not accept the additional evidence and advises [the claimant] of [the claimant's] right to file a new application." *Id.* §§ 404.970(c), 416.1470(c).

In this case, Ayala submitted new evidence to the AC from Saeid Aryan, DO, ("Dr. Aryan") that related to Ayala's surgery on May 26, 2017, at Parkway Surgical and Cardiovascular Hospital.

5

Tr. 9–14. Those records are dated May 26, 2017, through June 10, 2017, which places them a few weeks after the ALJ's hearing decision on May 10, 2017. Tr. 9–14, 28. The AC stated in its discussion of this evidence:

> The Administrative Law Judge decided your case through May 10, 2017. This additional evidence does not relate to the period at issue. Therefore it does not affect the decision about whether you were disabled beginning on or before May 10, 2017.

Tr. 2. The Commissioner went on to say that Ayala could submit a new claim. *Id.*

Ayala argues that the additional evidence does, in fact, "relate to" the period of disability at issue in this case. ECF No. 17 at 4–6. Ayala notes that he testified concerning his planned surgery at his hearing before the ALJ. *Id.* at 4–5 (citing Tr. 43). Ayala argues that his case is indistinguishable from another case recently before this Court, *Johnson v. Berryhill*, No. 4:16-CV-0241-O-BL, 2017 WL 2964882 (N.D. Tex. June 26, 2017) (Frost, J.), *report and recommendation adopted*, No. 4:16-CV-241-O, 2017 WL 2954914 (N.D. Tex. July 11, 2017) (O'Connor, J.). In *Johnson*, the Court reversed and remanded the Commissioner's decision because the AC refused to consider new and material evidence dated subsequent to the ALJ's opinion but still, in the Court's view, "related to" the period on or before the ALJ's hearing decision. *Id.* at *6. The Court held that "[g]iven the above-cited legal principles and the text of the regulations, the AC applies an erroneous standard if it narrowly construes the regulations as drawing a bright-line based upon the date of submitted evidence." *Id*. Evidence from a time after the ALJ's decision can still be "related to" the period of claimed disability before the ALJ's decision. *Id.*; *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (finding that a newly submitted report made after the ALJ's decision was material because it was partly based on records from before the ALJ's decision).

The Commissioner does not distinguish or argue based on *Johnson*. The Commissioner instead argues that courts "cannot review the propriety of the Appeals Council's denial of a request

for review, because that is not a 'decision' subject to judicial review." ECF No. 19 at 4. The Commissioner cites for this proposition *Sun v. Colvin*, 793 F. 3d 502, 511–12 (5th Cir. 2015). The undersigned cannot find that proposition stated in *Sun*. The Fifth Circuit in *Sun* noted only that when the AC denies review, that denial becomes part of the Commissioner's final decision, but the ALJ's decision remains binding. *Id.* at 511. In affirming the Commissioner, the *Sun* court found that it "cannot be sure, as the court was in *Epps*, that the AC neglected to evaluate the new evidence." *Id.* at 512 (referencing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980)). The implication of that finding is that the court in *Sun* would not necessarily have affirmed if the AC neglected to evaluate new evidence, as in *Epps*, in which the Fifth Circuit reversed the AC where the AC conducted a review but did not evaluate new evidence. *See id.*; *Epps*, 624 F.2d at 1273 ("Although the Appeals Council acknowledged that Epps had submitted important new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case . . . .").

As Judge Terry R. Means previously held, "[a]lthough '[t]he regulations do not require the AC to provide a discussion of the newly submitted evidence or give reasons for **denying** review,' in some instances remand [may] be necessary if it is unclear whether the AC evaluated the new evidence." *Nejmeh v. Colvin*, No. 4:14-CV-816-Y, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (emphasis in original) (quoting *Sun*, 793 F3d at 512); *see also Lister v. Comm'r, Soc. Sec. Admin.*, No. 6:10-CV-375, 2012 WL 718611, at *5 (E.D. Tex. Feb. 13, 2012), *report and recommendation adopted,* No. 6:10-CV-375, 2012 WL 716447 (E.D. Tex. Mar. 5, 2012) (reversing and remanding where the AC's denial of review was unclear as to the reason it did not consider the claimant's newly submitted evidence). This Court can review the AC's denial of a

request for review, and the reasons the AC gave for denying review show that that the AC applied the wrong legal standards.

The Commissioner further argues that a court "should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." ECF No. 19 at 4 (quoting *Michell v. Astrue*, No. 4:10-CV-339-Y, 2011 WL 1630895, at *3 (N.D. Tex. Apr. 29, 2011)). The Commissioner's arguments would limit the Fifth Circuit's holding in *Higginbotham*, which is twofold:

> We extrapolate from the words of the regulation, however, that "final decision of the Commissioner of Social Security" includes the Appeals Council's denial of a request for review because the regulations provide that the Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review. *We further conclude* that the evidence submitted for the first time to the Appeals Council is part of the record on appeal because the statute itself provides that such record includes the "evidence upon which the findings and decision complained of are based."

*Higginbotham*, 405 F.3d at 337 (5th Cir. 2005) (emphasis added) (citing 42 U.S.C. § 405(g)). The first part of the holding from *Higginbotham* mandates that the AC's denial is part of the final decision that a district court reviews, which means that this Court must review the AC's denial, contrary to the Commissioner's argument that the denial is not a reviewable "decision." *See id.* The second part of the holding consequently requires that a district court must review the entirety of the evidence on appeal. *Id.* The impact of new evidence is what the court in *Michell* considered when making its statement that a court should "remand only if the new evidence dilutes the record" such that the ALJ's decision is no longer supported by substantial evidence. *See* No. 4:10-CV-339-Y, 2011 WL 1630895, at *3. But that does not mean that the only avenue for reversal is whether substantial evidence supports the Commissioner's decision, because the Commissioner is also required to apply the proper legal standards. *See Higginbotham*, 405 F.3d at 335; *see also Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

As Ayala convincingly argues, the evidence from Dr. Aryan's surgery clearly "relates to" the period of claimed disability. Ayala testified about his proposed surgery, including the date, at his hearing before the ALJ. Tr. 43. The surgery occurred as a direct result of the back problems for which Ayala claimed disability. Certainly, if a new disability had developed as a result of complications from the surgery, or if the surgery revealed a different disabling condition than the one for which Ayala claimed disability, then that part of the evidence would only be relevant to a new and independent disability claim. But the evidence as a whole is "related to" the period before his claim, and therefore the AC applied an improper legal standard in not considering it.

The analysis does not end at this point, however. Ayala must still show prejudice from the AC's failure to consider the newly submitted evidence. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citing *Carter v. Massey–Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983)). Remand is only appropriate when the claimant affirmatively demonstrates prejudice from the Commissioner's error. *See id.* Ayala relies on *Johnson*, in which the court considered the prejudicial effect of the AC's error when it noted that some of the "evidence adds significant opinions regarding Claimant's impairments and his ability to work in a sustained capacity. Given the significance of these opinions on matters directly related to the denial of benefits, the evidence provides a reasonable possibility that it would have changed the Commissioner's decision." No. 4:16-CV-0241-O-BL, 2017 WL 2964882, at *8.

Ayala does not succeed in showing prejudice. In his brief, he does not argue prejudice, instead arguing that the AC's error is in itself harmful, based on *Johnson*. ECF No. 17 at 6. In his reply, he makes two arguments for prejudice. First, Ayala says that the surgical records describe the case as "[v]ery difficult . . . given the size of the free fragmented herniated disc which was very

9

adherent and difficult to [remove]." ECF No. 20 at 5 (quoting Tr. 10). But this says nothing about the effect of the surgery on Ayala's ability to work. Second, Ayala argues that the records show he was required to undergo post-surgical physical therapy for eight weeks, which contradicts the ALJ's RFC. *Id.* (citing Tr. 14). But this physical therapy was only for a relatively short period—not the continuous one-year period required under the statute. 42 U.S.C. § 423(d)(1)(A). Furthermore, the new evidence is silent as to whether the physical therapy contradicts any feature of the ALJ's RFC, as there is no description of what Ayala's physical therapy entails or how physical therapy (or any limitation reflected in it) would interfere with Ayala's ability to work. Nothing in this new evidence suggests that, had the AC considered it, it would have changed its decision to deny Ayala review. Ayala has failed to show any prejudice from the AC's failure to apply the proper legal standards in not evaluating the new evidence, and therefore remand is not required on this ground.

**II.     Because the ALJ in his opinion did not consider Ayala's disability determination from the VA, the Commissioner's decision should be reversed and remanded.**

Though a United States Department of Veterans Affairs' ("VA") rating of total and permanent disability is not legally binding on the Social Security Administration because the criteria applied by the two agencies is different, the rating is generally entitled to "great weight" and the ALJ must consider it in his decision. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *see also* 20 C.F.R. § 404.1504. "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id.* There are a significant number of cases in which an ALJ's decision has been remanded for failing to mention the VA's rating in his or her opinion, for failing to give it the proper weight, or for failing to explain the reasons for not giving it "great weight." *See Moody v. Astrue*, No. 2:10-CV-0230, 2012 WL 1019590, at *4 (N.D. Tex. Mar. 9, 2012) (Averitte, J.), *report and recommendation adopted*, No.

2:10-CV-0230, 2012 WL 1030349 (N.D. Tex. Mar. 27, 2012) (collecting cases). The Commissioner cannot avoid remand by pointing out that, while the ALJ did not consider the VA determination itself, the ALJ did consider the evidence upon which the VA determination was based. *Arebalo ex rel. Arebalo v. Astrue*, No. 4:09-CV-496-A, 2010 WL 6571087, at *3 (N.D. Tex. Oct. 7, 2010) (Cureton, J.), *report and recommendation adopted*, No. 4:09-CV-496-A, 2011 WL 1633137 (N.D. Tex. Apr. 29, 2011). Harmless error analysis does not apply to an ALJ's failure to consider and weigh the VA's disability rating. *Id.*

The ALJ found that Ayala's PTSD was not a severe impairment. Tr. 21–23. But the ALJ did not mention Ayala's VA disability rating anywhere in his hearing decision. Ayala did not submit records of the VA's disability determination or testify to his disability rating at the hearing. The only evidence in the record of the VA's disability determination is a brief mention on one page of a 110-page report from North Texas HCS, which shows that Ayala had a service-connected disability rating of 90%, with a 70% rating for his PTSD. Tr. 561. On this evidence, Ayala requests that this Court reverse and remand the ALJ's decision for the ALJ's failure to consider the VA's disability rating. ECF No. 17 at 7–9.

The Commissioner concedes that Ayala has a 90% disability rating from the VA. ECF No. 19 at 6. The Commissioner argues that the VA's rating decision and reasons underlying that rating are not in the record, so the sparse evidence before the ALJ provided no indication of the effect of the rating on Ayala's RFC or disability under the Social Security Act. *Id.* The Commissioner further argues that the evidence in the record supports the ALJ's finding that Ayala's PTSD was not severe. *Id.* at 6–8.

The persuasiveness of the evidence is not at issue. Binding Fifth Circuit precedent requires the ALJ to consider the VA's disability determination and to accord it great weight unless the ALJ

gives his reasons for doing otherwise. *Chambliss*, 269 F.3d at 522. The ALJ did not mention or discuss the VA's disability determination in his opinion, and that is error no matter how sparse or unpersuasive the evidence is. *See Albo v. Colvin*, No. 2:12-CV-0066, 2013 WL 5526584, at *8 (N.D. Tex. Sept. 30, 2013) (reversing and remanding, where the ALJ had little evidence concerning the VA's disability determination, because "the ALJ, if he determined the VA rating should not be adopted, needed to set out why the evidence used by the VA was not credible, something he could not do without knowing the basis of the VA's determination. This Court cannot know what the ALJ would have done unless he discussed the VA rating and set out the reasons he found warranted rejecting the VA disability rating."). Because the ALJ did not make the required consideration of Ayala's VA disability determination, the Commissioner's decision should be reversed and remanded.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding

or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **March 22, 2018,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed March 8, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE